**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

NATALIA COLON ROSADO,                      Case No. 1:25-cv-02721

                     Plaintiff,

       -vs-

                               JUDGE DAVID A. RUIZ

DILLARD TEXAS, LLC,

                               **MEMORANDUM OPINION & ORDER**

                 Defendants.

### I. Procedural Background

In this case, *pro se* Plaintiff Natalia Colon Rosado ("Plaintiff," or "Rosado") alleges claims against her former employer, Defendant Dillard Texas, LLC. (R. 1-1). On February 2, 2026, Defendant filed a Motion To Compel Arbitration and Dismiss. (R. 9).

On February 4, 2026, the Court ordered *pro se* Plaintiff  to respond to the motion to compel arbitration within thirty (30) days—no later than March 6, 2026. (R. 10). The Court explicitly warned Plaintiff that "[f]ailure to respond may be construed as an acknowledgment that the

arbitration agreement is valid and enforceable." *Id*. To date, Plaintiff has not filed a response, nor has she sought an extension of time to do so.

## II. Factual Allegations and Causes of Action Alleged

The Complaint asserts four causes of action under Title VII and Ohio law: (1) national origin discrimination; (2) age discrimination; (3) retaliation; and, (4) hostile work environment based on plaintiff's national origin and language. (R.1-1, PageID# 11-13). Plaintiff began working for defendant in April of 2023. *Id*. at ¶7. Plaintiff claims she was an exemplary sales associate but was subjected to discriminatory treatment based on her national origin and language. *Id*. at ¶¶8-9. The Complaint alleges Plaintiff suffered a work-related injury, that she provided management with medical restrictions, but that none were implemented. *Id*. at ¶¶14-15.

Attached to Defendant's Motion to Compel Arbitration is a sworn declaration of Jamie Dorsey, Executive Legal Administrator to Vice President and General Counsel for Dillard's, as well as well as two agreements to arbitrate claims signed by Plaintiff, one electronically and the other bearing a handwritten signature. (R. 9-1, PageID# 64-83, Exhs. 1, A, B).

According to Dorsey, acceptance of the Agreement to Arbitration was a condition of Rosado's hiring and employment. (R. 9-1, PageID# 65, Dorsey Decl. at ¶9). Plaintiff's electronic signature appears on a document dated April 7, 2023 with the heading stating "IMPORTANT NOTICE THIS AGREEMENT WAIVES YOUR RIGHT TO A JURY TRIAL AND TO PURSUE LITIGATION IN COURT. READ IT CAREFULLY BEFORE SIGNING." (R. 9-1, PageID# 67). Plaintiff's handwritten signature appears on a document dated April 18, 2023, with the heading stating, "AGREEMENT TO ARBITRATE CLAIMS" and the same cautionary language in all caps above. (R. 9-1, PageID# 83).

Despite being warned that failure to respond to the Motion to Compel Arbitration may be construed as an acknowledgment that the arbitration agreement is valid and enforceable, Plaintiff has not responded. Thus, the Court construes Plaintiff's signature on the arbitration agreement to indicate her assent to its terms.

### III. Analysis

**A. Applicable Law**

The Federal Arbitration Act ("FAA") "embodies the national policy favoring arbitration and places arbitration agreements on equal footing with all other contracts." *Buckeye Check Cashing, Inc. v. Cardegna*, 546 U.S. 440, 443, 126 S.Ct. 1204, 163 L.Ed.2d 1038 (2006); *accord In re: Auto. Parts Antitrust Litig.*, 951 F.3d 377, 381 (6th Cir. 2020). The Sixth Circuit has explained:

> It provides that a "written provision in ... a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction, ... or an agreement in writing to submit to arbitration an existing controversy arising out of such a contract, ... shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. Courts must, consistent with this text, " 'rigorously enforce' arbitration agreements according to their terms." *Am. Express Co. v. Italian Colors Rest.*, 570 U.S. 228, 233, 133 S.Ct. 2304, 186 L.Ed.2d 417 (2013) (citation omitted). And we resolve "any doubts concerning the scope of arbitral issues ... in favor of arbitration." *Granite Rock Co. v. Int'l Bhd. of Teamsters*, 561 U.S. 287, 298, 130 S.Ct. 2847, 177 L.Ed.2d 567 (2010).

*In re: Auto. Parts Antitrust Litig.*, 951 F.3d at 381.

As explained by a recent decision from this District:

The Sixth Circuit has set forth four tasks a court must engage in when considering a motion to stay proceedings and compel arbitration:

> First, it must determine whether the parties agreed to arbitrate; second, it must determine the scope of that agreement; third, if federal statutory claims are asserted, it must consider whether Congress intended those claims to be non-arbitrable; and fourth, if the court concludes that some, but not all, of the

3

claims in the action are subject to arbitration, it must determine whether to stay the remainder of the proceedings pending arbitration.

*McGee v. Armstrong*, 941 F.3d 859, 856 (6th Cir. 2019) (quoting *Stout v. J.D. Byrider*, 228 F.3d 709, 714 (6th Cir. 2000)). "[A]ny ambiguities in the contract or doubts as to the parties' intentions should be resolved in favor of arbitration." *Stout*, 228 F.3d at 714.

*Reulbach v. Life Time Fitness, Inc.*, No. 1:21 CV 1013, 2021 WL 2581565, at *4 (N.D. Ohio June 23, 2021) (Gaughan, J.).

## B. The Arbitration Agreement

All four of Plaintiff's causes of action arise from her former employment (and subsequent termination) at Dillard's. The Arbitration Agreement states that:

The Rules of Arbitration apply to **any Legal Claim**, including, **but not limited to**, the following Legal Claims to the fullest extent permitted by applicable law:

- **Discrimination or harassment on the basis of race, sex, religion, national origin, age, disability or other unlawful basis** (for example, in some jurisdictions, protected categories include political affiliation, familial status or sexual orientation).

- Violations of any common law or constitutional provision, federal, state, county, municipal or other governmental statute, ordinance, regulation or public policy relating to workplace health and safety, voting, state service letters, minimum wage and overtime, pay days, holiday pay, vacation pay, severance/separation pay, payment at termination.

- Violations of any common law or other constitutional provision, federal, state, county, municipal or other governmental statute, ordinance, regulation or public policy (except for violations of the National Labor Relations Act which claims associates are now and always have been free to bring directly to the NLRB)….

- Personal injuries[.]

- Claims for breach of fiduciary duty against a fiduciary for any employee benefit plan, including any employee welfare benefit plan, employee pension benefit plan, employee stock ownership plan, 401(k) plan, profit sharing plan or pension plan.

4

- Retaliation for filing a protected claim for benefits (such as workers' compensation) or exercising your protected rights under any statute.

- Breach of any express or implied contract, breach of a covenant of good faith and fair dealing, and claims of wrongful termination or constructive discharge. (For example, a former Associate claims he or she was forced to resign.)

- Breach of any common law duty of loyalty, or its equivalent.

- Exceptions to the employment-at-will doctrine under applicable law.

- Any common law claim, including but not limited to defamation, tortious interference, intentional infliction of emotional distress or "whistleblowing".

(R. 9-1, PageID# 69) (emphasis added).

Plaintiff has not challenged the authenticity or validity of this agreement, nor could she reasonably do so. Defendant asserts that the above-cited mandatory arbitration clause in Plaintiff's employment agreement covers all claims in this lawsuit and that Plaintiff's claims should, therefore, be dismissed. (R. 9, PageID# 54-60).

Based upon the above, the Court finds Plaintiff entered into an agreement with Defendant to arbitrate. Second, the Court finds that the claims asserted in the Complaint are within the scope of the signed Arbitration Agreement. Third, the Court finds that none of Plaintiff's federal statutory claims are non-arbitrable.[1] Therefore, the Court finds it must enforce the terms of the arbitration agreement between Plaintiff and Defendant.

---

[1] "The Sixth Circuit has held that Title VII claims are arbitrable." *Harris v. Crothall Healthcare, Inc.*, No. CV 5:23-280-KKC, 2024 WL 1557338, at *2 (E.D. Ky. Apr. 10, 2024), *appeal dismissed*, No. 24-5366, 2024 WL 3444418 (6th Cir. June 18, 2024); *Hutchinson v. Earl Scheib, Inc.*, No. 07-10595, 2007 WL 3053646, at *1 (E.D. Mich. Oct. 18, 2007) ("The law is clear that discrimination claims, including those brought under Title VII and state law, are subject to arbitration agreements.") The Supreme Court has also upheld mandatory arbitration of claims brought under the Age Discrimination in Employment Act. *Dimidik v. Hallrich Inc.*, No. 3:21-CV-306, 2022 WL 4273404, at *2 (S.D. Ohio

**D.      Stay or Dismissal**

The Court agrees with Defendant that the claims asserted against it should be sent to arbitration. The only question remaining for the Court, then, is whether to stay or dismiss the proceedings. Defendant has asked for dismissal. Plaintiff has not requested a stay, nor opposed Defendant's motion in any manner.

The Sixth Circuit acknowledges, without itself explicitly adopting, an approach from other circuits regarding the court's ability to dismiss an entire action "where it is clear the entire controversy between the parties will be resolved by arbitration." *Anderson v. Charter Commc'ns, Inc.*, 860 F. App'x 374, 380 (6th Cir. 2021) (*quoting Green v. SuperShuttle Int'l, Inc.*, 653 F.3d 766, 769–70 (8th Cir. 2011)). Here, it is clear that the entire controversy will be resolved by arbitration.

As a result, the Court finds dismissal is appropriate, and Plaintiff can pursue her claims in arbitration.

## IV. Conclusion

For the foregoing reasons, Defendant's Motion to Compel Arbitration and Dismiss (R. 9) is GRANTED. This matter is hereby DISMISSED without prejudice.

IT IS SO ORDERED.

*David A. Ruiz*
DAVID A. RUIZ
Date: July 30, 2026                                UNITED STATES DISTRICT JUDGE

---

Sept. 15, 2022) (*citing Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 26, 111 S.Ct. 1647, 114 L.Ed.2d 26 (1991)).

6